# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:11cv253-MR
[Criminal Case No. 1:01cr052-14]

| | |
|---|---|
| ROBERT L. SISK, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br>FRANK STRATA, Warden, )<br> )<br>Respondents. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court upon the Petitioner's "Application Under 28 U.S.C. §1651 for Writ of Habeas Corpus by a Person in State or Federal Custody." [Doc. 1].

It is first noted that the Petitioner filed two documents. The first, consisting of the first nine pages of his filing, is addressed to the United States District Court for the Middle District of Pennsylvania, where he is incarcerated. [Id.]. In this document, he names the Respondent as the Warden of that facility, Frank Strata. [Id.].

The Petitioner, however, mailed this document to this Court along with an attachment which he captioned "Motion pursuant to 28 U.S.C. 1651, the

All Writs Act." [Id. at 10]. In this document, he names as Respondents both the United States of America and Frank Strata, Warden. [Id.].

The Court will dismiss the first document without prejudice as having been improvidently filed in this District. The Court will consider the second document as a Petition for a Writ addressed to this Court.

## PROCEDURAL BACKGROUND

On August 6, 2001, the Petitioner and thirteen co-defendants were charged with conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1) and 856. [Criminal Case No. 1:01cr52-14, Doc. 3]. The Petitioner was tried by a jury and convicted on November 16, 2001. [Id. at Doc. 194].

A pre-sentence report was prepared in which it was recommended that the Petitioner be sentenced as a career offender pursuant to U.S.S.G. 4B1.1 (2001) based on two predicate convictions for crimes of violence that were, at the time he was sentenced thereon, punishable by more than one year in prison. [Id. at Doc. 437]. The sentencing Court determined that the Petitioner was a career offender and sentenced him to 276 months imprisonment. [Id. at Doc. 307; Doc. 441].

The Petitioner appealed, raising a number of challenges not relevant here. The United States Court of Appeals for the Fourth Circuit affirmed his

conviction and sentence, and the Supreme Court denied the Petitioner's petition for a writ of *certiorari*. United States v. Sisk, 87 F. App'x 323 (4th Cir. 2004), cert. denied 543 U.S. 882, 125 S.Ct. 155, 160 L.Ed.2d 138 (2004).

On October 13, 2005, the Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging, among other things, that counsel mishandled a challenge to his status as a career offender. [Civil Case No. 1:05cv312, Doc. 1]. On October 23, 2009, the Court granted summary judgment to the government, denying and dismissing the Petitioner's Motion to Vacate.[1] [Id. at Doc. 14]. The Fourth Circuit dismissed the Petitioner's appeal. United States v. Sisk, ___ F.App'x ___, 2011 WL 2631471 (4th Cir. July 5, 2011).

On September 28, 2011, the Petitioner filed this action.[2] [Doc. 1]. The Petitioner claims that his sentence as a career offender is invalid in light of intervening, retroactive decisions by the United States Supreme Court, specifically Johnson v. United States, __ U.S. __, 130 S.Ct. 1265, 176

---

[1] On August 20, 2010, the Petitioner filed a Motion for Reconsideration pursuant to Rule 60(b) of the Rules of Civil Procedure which the Court dismissed as a successive § 2255 motion [Civil Case No. 1:05cv312, Doc. 26; Doc. 28]. The Fourth Circuit construed the Petitioner's appeal as an application to file a second or successive §2255 motion and denied it. United States v. Sisk, __ F. App'x __, 2011 WL 3805667 (4th Cir. Aug. 30, 2011).

[2] Petitioner's sentence was imposed by the Honorable Lacy H. Thornburg. Judge Thornburg retired in 2009. This case has, therefore, been assigned to the undersigned.

3

L.Ed.2d 1 (2010) and Begay v. United States, 553 U.S. 137, 128 S.Ct. 1582, 170 L.Ed.2d 490 (2008).

## DISCUSSION

The All Writs Act, 28 U.S.C. §1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). Petitioner does not specify the writ under which he seeks to proceed, but it appears to be in the nature of a writ of error *audita querela*.[3] Regardless of the specific writ, however, collateral attack under any writ is not available to a federal prisoner where post-conviction relief would be cognizable pursuant to 28 U.S.C. §2255, which provides that a "prisoner in custody under sentence of a court established by Act of Congress claiming ... that the sentence was imposed in violation of the ... laws of the United States ..., may move the court which imposed the sentence to vacate, set aside or correct the sentence." United States v. Miller, 599 F.3d 484, 488 (5th Cir. 2010).

---

[3]*"Audita querela*, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007), opinion amended on other grounds 530 F.3d 1183 (9th Cir. 2008) (citation omitted). Interpreting the Petition herein as seeking a writ of *audita querela* may constitute more than giving the Petitioner the benefit of the doubt.

4

The procedure by which a prisoner may attack his sentence based on an erroneous designation as a career offender is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. United States v. O'Neal-Sloane, 371 F. App'x 298 (3rd Cir. 2010), cert. denied 131 S.Ct. 190, 178 L.Ed.2d 114 (2010). The Petitioner has previously filed such a motion which was denied and the appeal therefrom was dismissed. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before the Petitioner may file a second or successive collateral attack upon his federal conviction or sentence, the Petitioner must first obtain authorization from the appropriate court of appeals. 28 U.S.C.A. § 2244(b)(3). The Petitioner has not done so and he may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a petition for some unspecified writ under the All Writs Act. United States v. Rodriguez, 2011 WL 4582594 (3rd Cir. 2011) (dealing with career offender designation); United States v. Hill, 398 F. App'x 919 (4th Cir. 2010), cert. denied 131 S.Ct. 2135, 179 L.Ed.2d 922 (2011); United States v. Samuels, 376 F. App'x 291 (4th Cir. 2010) (dealing with career offender designation). "[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), opinion amended on other grounds

5

530 F.3d 1183 (9th Cir. 2008); United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. §2255.") (internal quotation and citation omitted). As a result, the Petitioner's relief, if any may be available to him, may come only by seeking leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion pursuant to 28 U.S.C. §2255. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs.") (citations omitted).

Notwithstanding the title assigned to this case, it is a collateral attack on the validity of the Petitioner's sentence and thus, is a successive §2255 motion. Because the Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file such a motion, this action must be dismissed.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Application under 28 U.S.C. §1651 for Writ of Habeas Corpus by a Person in State or Federal Custody [Doc. 1 at 1-9] is hereby **DISMISSED** without prejudice as improvidently filed in this District.

**IT IS FURTHER ORDERED** that the Petitioner's "Motion pursuant to 28 U.S.C. 1651, the All Writs Act," [Doc. 1 at 10-32] is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Signed: October 24, 2011

Martin Reidinger
United States District Judge