# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:01cr52-11

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **DOYLE RAY MORGAN.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court upon the Defendant's motion, styled as a "Petition for Rule 60(b), Lack of Jurisdiction Pursuant to Fraud in the Essence, Removed the Jurisdiction from the Sentencing Court." Doc. 462].

## I. PROCEDURAL BACKGROUND

On August 6, 2001, the Defendant was charged along with thirteen co-defendants with conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1), and 851. [Doc. 1]. The Defendant elected to go to trial and was found guilty by jury verdict on March 5, 2002. [Doc. 236]. On January 28, 2003, the Defendant was sentenced to 360 months of imprisonment. [Doc. 357]. The Defendant appealed his conviction and sentence. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on December 3, 2003. United States v. Morgan, 81 F. App'x 786 (4th Cir. 2003). The Supreme Court

denied his petition for a *writ of certiorari* on April 19, 2004. Morgan v. United States, 541 U.S. 1002, 124 S.Ct. 2050, 158 L.Ed.2d 517 (2004).

The Defendant timely filed for relief pursuant to 28 U.S.C. § 2255. [Doc. 388]. On September 19, 2006, the Court denied his § 2255 petition. [Doc. 416]. The Defendant appealed, and the Fourth Circuit denied a certificate of appealability. United States v. Morgan, 222 F. App'x 295 (4th Cir. 2007). The Defendant then filed a motion under 28 U.S.C. § 2244 for an order authorizing the Court to consider a second or successive application for relief under § 2255. The Fourth Circuit denied this motion on June 7, 2010. [Doc. 452].

The Defendant now seeks relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, claiming that the Government committed fraud upon the Court by recommending that he be sentenced as a career criminal. [Doc. 462].

## II. ANALYSIS

A motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure may not be misused as a means of filing an unapproved successive § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 530-31, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). As the Fourth Circuit has explained:

> § 2255 bars successive applications unless they contain claims relying on "(1) newly discovered

2

> evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (quoting 28 U.S.C. § 2255). Furthermore, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." Id. at 205. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id.

As previously noted, the Defendant has already filed one motion pursuant to § 2255, in which he challenged the application of the career offender enhancement in the context of an ineffective assistance of counsel claim. Although the instant motion is styled as one pursuant to Rule 60(b), the Defendant clearly seeks to attack his sentence by again arguing that the Court erred in enhancing his sentence as a career criminal. [Doc. 462 at 3-4]. As the Fourth Circuit has explained:

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior

3

> application or the bar against litigation of claims not presented in a prior application.
>
> * * *
>
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a successive [application] in 60(b)'s clothing. There may be no infallible test for making this distinction, but a relatively straightforward guide is that *a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application*, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Winestock, 340 F.3d at 206-07(emphasis added) (internal citations and quotation marks omitted).

For the reasons set forth above, the Court concludes that the Defendant's Rule 60(b) motion is in fact a successive § 2255 petition. As such, this Court is without jurisdiction to entertain his motion. Winestock, 340 F.3d at 205. Such a successive § 2255 application must be presented in the first instance to the Fourth Circuit and not to this Court. Id.

4

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as Petitioner is unable to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

### III. ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Petition for Rule 60(b), Lack of Jurisdiction Pursuant to Fraud in the Essence, Removed the Jurisdiction from the Sentencing Court" [Doc. 462] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 25, 2011

Martin Reidinger
United States District Judge